**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Donald Charles Kaebisch,<br><br>　　　　　Defendant. | No. CR-18-00528-001-PHX-JAT<br><br>**ORDER** |

Pending before the Court is Defendant Donald Charles Kaebisch's Request for a Hearing (Doc. 117).

On December 7, 2021, a deputy clerk signed a "Clerk's Notice of Post Judgment Garnishment." (hereinafter "Notice"). (Doc. 115-1). The Notice states:

> …You have a right to ask the court to return your property to you if you think the property the Government is taking qualifies under one of the exemptions listed below or if you think you do not owe the money to the United Sates Government that it says you do. If you want a hearing, you must notify the court within 20 days after you receive this notice…. The hearing will take place within 5 days after the Clerk receives your request, if you ask for it to take place that quickly, or as soon after that as possible.

(Doc. 115-1 at 1-2).

On January 4, 2022, Defendant, pro se, returned a copy of the Notice. (Doc. 117). Defendant signed the last page under a pre-printed paragraph which states,

> The statements made in this claim to exemptions and request for hearing as to exemption entitlement and fair market value of the property designated are made and declared under penalty

> of perjury that they are true and correct. I hereby request a court hearing to decide the validity of my claims….

(Doc. 117 at 5).

Defendant has not made any arguments against garnishment nor did he check any of the boxes for particular exemptions. However, the Notice said Defendant could request a hearing. It did not say that he had to, in his request for hearing, articulate his arguments against garnishment. The Government has not yet filed a response.

Based on this limited record, however, the Court finds that it need not conduct a hearing without Defendant offering some argument or basis for the Court to have the hearing and without the Government's response to Defendant's argument.

Accordingly,

**IT IS ORDERED** that Defendant must, by January 20, 2022, file a supplement to his request for hearing explaining his basis for requesting the hearing.[1]

**IT IS FURTHER ORDERED** that the Government must respond to Defendant's supplement within 5 days of it being filed.

**IT IS FURTHER ORDERED** that the parties must file a joint proposed hearing date within 15 days of this Order.

**IT IS FURTHER ORDERED** that, upon reviewing the supplement and the response, the Court will determine whether a hearing is necessary. Defendant is cautioned that if he does not timely file the supplement required by this Order, the Court will not conduct a hearing based on his request in Doc. 117.

Dated this 4th day of January, 2022.

James A. Teilborg
Senior United States District Judge

---

[1] Because Defendant used the Notice he received to request his hearing, he requested the hearing under 28 U.S.C. § 3202(d). Because Defendant did not specifically request the hearing in 5 days, as stated in the Notice, the Court will hold the hearing "as soon as practicable" after receiving the supplement. *Id.* If Defendant intended to request the hearing under 28 U.S.C. § 3205(c)(5), which requires the Court to hold the hearing within 10 days or as soon thereafter as is practicable, he must so specify in his supplemental filing (and serve a copy of the supplemental filing on the garnishee).